UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA NIETO,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA CLARA UNIVERSITY,<br><br>    Defendant. | Case No. 20-cv-01887-JSC<br><br>**ORDER TO PLAINTIFF TO SHOW CAUSE WHY HER LAWSUIT SHOULD NOT BE DISMISSED FOR A FAILURE TO PROSECUTE** |

On August 25, 2020—after Plaintiff Laura Nieto's counsel withdrew and she proceeded in this action representing herself—the Court scheduled an initial case management conference for November 5, 2020, and ordered the parties to submit a jointly prepared case management conference statement by October 29, 2020. (Dkt. No. 17.) Defendant Santa Clara University filed a case management statement, whereas Ms. Nieto did not; in fact, Ms. Nieto refused to cooperate in the statement's preparation. (Dkt. No. 21-1.) Ms. Nieto did not attend the November 5, 2020 case management conference due to illness. (Dkt. Nos. 24 at 1, 28-1 at 3 ¶ 9, 28-1 at 31.) Defendant attended the conference.

On November 9, 2020, this Court issued a Show Cause Order requiring Ms. Nieto to cooperate with Defendant in the preparation of a joint case management conference statement to be filed no later than December 3, 2020, one week in advance of the parties' case management conference rescheduled for December 10, 2020. (Dkt. No. 24 at 1.) The Court cautioned Ms. Nieto that failure to cooperate with defense counsel in preparation of the joint case management statement and/or her failure to appear at the parties' December 10, 2020 case management conference could result in the dismissal of her lawsuit pursuant to Federal Rule of Civil Procedure 41. (Dkt. No. 24 at 2.)

Following the issuance of this Court's November 9, 2020 Show Cause Order, defense counsel contacted Ms. Nieto to schedule a time at which the parties could meet and confer, and Ms. Nieto responded that she was available at 3:50 p.m. on November 19, 2020. (Dkt. No. 28-1 at 3 ¶ 12, 14.) When defense counsel attempted to call Ms. Nieto on November 19, 2020 at 3:50 p.m., the calls went directly to voicemail. (Dkt. No 28-1 at 3 ¶ 13, 44.) Defense counsel e-mailed Ms. Nieto requesting that she return counsel's phone calls, to which she received an automatic response that Ms. Nieto was unavailable until January 11, 2021 and would have limited e-mail access until that time. (Dkt. No. 28-1 at 3 ¶ 13, 45.) Nonetheless, defense counsel e-mailed Ms. Nieto again on November 20, 2020 requesting the parties meet and confer before the December 10, 2020 case management conference, and Ms. Nieto was once again failed to respond. (Dkt. No. 28-1 at 4 ¶ 14, 47.)

However, on November 20, 2020, Ms. Nieto filed a notice, pursuant to 28 U.S.C. § 636(c), declining to have a magistrate judge conduct all further proceedings in the case and requesting the case be reassigned to a district judge. (Dkt. No. 26.) Ms. Nieto previously filed her consent to proceed before a magistrate judge on May 26, 2020. (Dkt. No. 13.) Given her earlier filed consent, the Court ordered Ms. Nieto to file a written submission by December 4, 2020 explaining what "extraordinary circumstances" justified withdrawing her consent to the jurisdiction of a magistrate judge. (Dkt. No. 27.) *See Branch v. Umphenour*, 936 F.3d 994, 1001-02 (9th Cir. 2019) (quoting 28 U.S.C. § 636(c)(4)); *see also* Fed. R. Civ. P. 73(b)(3). The Court also continued the parties' December 10, 2020 case management conference to January 21, 2021, with the case management statement Ms. Nieto remained jointly responsible for preparing due one week in advance.

Time passed; Ms. Nieto filed no submission regarding her consent by December 4, 2020 per this Court's order. Defense counsel e-mailed Ms. Nieto on December 18, 2020 to schedule a meet and confer call in advance of the January 21, 2021 case management conference; on December 23, 2021, defense counsel contacted Ms. Nieto again, and Ms. Nieto responded that she was available to meet at 9:00 a.m. on December 25. (Dkt. No. 28-1 at 4 ¶¶ 15-16, 49, 55.) Defense counsel replied that, as December 25 was Christmas Day, she was unavailable, but

2

provided alternative times to meet and confer. (Dkt. No. 28-1 4 at ¶ 16, 56.) On December 28, 2020, the parties agreed to meet on January 11, 2021. (Dkt. No. 28-1 4 at ¶ 16, 58.) On January 4, 2021, defense counsel e-mailed Ms. Nieto to confirm the time of their call on January 11, and Ms. Nieto responded that she could meet at 4:00 p.m. (Dkt. No. 28-1 at 4 ¶ 17, 60-61.) Shortly before the parties' 4:00 p.m. phone call, Ms. Nieto's husband called defense counsel and stated that she was unwell and needed to reschedule. (Dkt. No. 28-1 at 4 at ¶ 18.) Defense counsel e-mailed Ms. Nieto asking when the parties could meet and confer before January 13, 2021, and that absent Ms. Nieto's response Defendant would file another unilaterally prepared case management statement. (Dkt. No. 28-1 at 4 at ¶ 18, 66.) Plaintiff never responded to this e-mail inquiry. (Dkt. No. 28-1 at 4 ¶ 18.)

Defendant then timely-filed its January 14, 2021 case management statement, in which Defendant reported that Ms. Nieto did not participate in the statement's preparation. (Dkt. No. 28 at 1.) Defendant attached the declaration of counsel Jessica Peterson and exhibits of communications between Ms. Peterson and Ms. Nieto. (*See* Dkt. No. 28-1.) Ms. Nieto failed to appear at the parties' January 21, 2021 further case management conference.

In light of Ms. Nieto's nonappearance and repeated failure to cooperate or meaningfully communicate with Defendant regarding the preparation of a joint case management statement, the Court issued a second Order to Show Cause to Ms. Nieto, requiring her to explain why her lawsuit should not be dismissed pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute. The Court noted that given Ms. Nieto's disingenuous offer to meet and confer at 9:00 a.m. on Christmas morning, it appears she has no intention of prosecuting this action in an appropriate manner.

Ms. Nieto did not file a written response to the Second Show Cause Order by February 11, 2021 as directed; however, she did appear at the February 25, 2021 hearing. Following that hearing the Court scheduled the initial case management conference for April 22, 2021 and directed Ms. Nieto that she must cooperate with Defendant in submitting a joint case management conference statement. (Dkt. No. 34.)

The Court did not receive a joint case management conference statement in advance of the

April 22 case management conference. Instead, as detailed in Defendant's submission, Ms. Nieto has continued to refuse to cooperate with Defendant in the prosecution of her case. (Dkt. No. 35.) Additionally, Ms. Nieto did not appear at the April 22 initial case management conference and did not otherwise communicate with the Court.

Accordingly, the Court will give one final chance to prosecute her action. On or before May 6, 2021, Ms. Nieto **must** produce to Defendant (1) **her initial disclosures** and (2) her long overdue **responses to Defendant's written discovery requests**. Also by that same date she shall provide Defendant (3) with **three dates in June 2021 when she is available for a seven hour deposition**. Finally, also by that date she shall (4) **file on the docket all of the material she provided to Defendant by the May 6, 2021 deadline**. The Court will hold a further hearing on **May 13, 2021 at 1:30 p.m.** Ms. Nieto is warned that her failure to comply with this Order, including providing the required information to Defendant and attending the May 13, 2021 hearing will likely result in dismissal of her complaint with prejudice.

Once again, the Court strongly encourages Ms. Nieto to seek free legal assistance from the Northern District's Legal Help Desk by calling 415-782-8982.

**IT IS SO ORDERED.**

Dated: April 23, 2021

_Jacqueline Scott Corley_
JACQUELINE SCOTT CORLEY
United States Magistrate Judge