UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA NIETO,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA CLARA UNIVERSITY,<br><br>    Defendant. | Case No. 20-cv-01887-JSC<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

Plaintiff Laura Nieto, proceeding in the above-captioned case without representation of counsel, has been repeatedly notified and cautioned that her failure to prosecute her case would result in its dismissal. On April 23, 2021, the Court issued its third Show Cause Order to Ms. Nieto requiring her to show why her lawsuit should not be dismissed for failure to prosecute, and that her failure to respond to the Court's Order would likely result in the dismissal of her complaint with prejudice. (Dkt. No. 39.) Ms. Nieto has not filed a response to the Court's third Show Cause Order or otherwise communicated with the Court. For the reasons set forth below, the Court DISMISSES this action for failure to prosecute.

**BACKGROUND**

This civil action was filed on March 18, 2020. (Dkt. No. 1.) On August 25, 2020—after Ms. Nieto's counsel withdrew and she proceeded in this action representing herself—the Court scheduled an initial case management conference for November 5, 2020, and ordered the parties to submit a jointly prepared case management conference statement by October 29, 2020. (Dkt. No. 17.) Defendant Santa Clara University filed a case management statement, whereas Ms. Nieto did not; in fact, Ms. Nieto refused to cooperate in the statement's preparation. (Dkt. No. 21-1.) Ms. Nieto did not attend the November 5, 2020 case management conference due to illness. (Dkt. Nos.

24 at 1, 28-1 at 3 ¶ 9, 28-1 at 31.) Defendant attended the conference.

On November 9, 2020, this Court issued a Show Cause Order requiring Ms. Nieto to cooperate with Defendant in the preparation of a joint case management conference statement to be filed no later than December 3, 2020, one week in advance of the parties' case management conference rescheduled for December 10, 2020. (Dkt. No. 24 at 1.) The Court cautioned Ms. Nieto that failure to cooperate with defense counsel in preparation of the joint case management statement and/or her failure to appear at the parties' December 10, 2020 case management conference could result in the dismissal of her lawsuit pursuant to Federal Rule of Civil Procedure 41. (Dkt. No. 24 at 2.)

Following the issuance of this Court's November 9, 2020 Show Cause Order, defense counsel contacted Ms. Nieto to schedule a time at which the parties could meet and confer, and Ms. Nieto responded that she was available at 3:50 p.m. on November 19, 2020. (Dkt. No. 28-1 at 3 ¶ 12, 14.) When defense counsel attempted to call Ms. Nieto on November 19, 2020 at 3:50 p.m., the calls went directly to voicemail. (Dkt. No 28-1 at 3 ¶ 13, 44.) Defense counsel e-mailed Ms. Nieto requesting that she return counsel's phone calls, to which she received an automatic response that Ms. Nieto was unavailable until January 11, 2021 and would have limited e-mail access until that time. (Dkt. No. 28-1 at 3 ¶ 13, 45.) Nonetheless, defense counsel e-mailed Ms. Nieto again on November 20, 2020 requesting the parties meet and confer before the December 10, 2020 case management conference, and Ms. Nieto was once again failed to respond. (Dkt. No. 28-1 at 4 ¶ 14, 47.)

However, on November 20, 2020, Ms. Nieto filed a notice, pursuant to 28 U.S.C. § 636(c), declining to have a magistrate judge conduct all further proceedings in the case and requesting the case be reassigned to a district judge. (Dkt. No. 26.) Ms. Nieto previously filed her consent to proceed before a magistrate judge on May 26, 2020. (Dkt. No. 13.) Given her earlier filed consent, the Court ordered Ms. Nieto to file a written submission by December 4, 2020 explaining what "extraordinary circumstances" justified withdrawing her consent to the jurisdiction of a magistrate judge. (Dkt. No. 27.) *See Branch v. Umphenour*, 936 F.3d 994, 1001-02 (9th Cir. 2019) (quoting 28 U.S.C. § 636(c)(4)); *see also* Fed. R. Civ. P. 73(b)(3). The Court also

1 continued the parties' December 10, 2020 case management conference to January 21, 2021, with
2 the case management statement Ms. Nieto remained jointly responsible for preparing due one
3 week in advance.

4 Time passed; Ms. Nieto filed no submission regarding her consent by December 4, 2020
5 per this Court's order. Defense counsel e-mailed Ms. Nieto on December 18, 2020 to schedule a
6 meet and confer call in advance of the January 21, 2021 case management conference; on
7 December 23, 2021, defense counsel contacted Ms. Nieto again, and Ms. Nieto responded that she
8 was available to meet at 9:00 a.m. on December 25, 2020. (Dkt. No. 28-1 at 4 ¶¶ 15-16, 49, 55.)
9 Defense counsel replied that, as December 25, 2020 was Christmas Day, she was unavailable, but
10 provided alternative times to meet and confer. (Dkt. No. 28-1 4 at ¶ 16, 56.) On December 28,
11 2020, the parties agreed to meet on January 11, 2021. (Dkt. No. 28-1 4 at ¶ 16, 58.) On January
12 4, 2021, defense counsel e-mailed Ms. Nieto to confirm the time of their call on January 11, and
13 Ms. Nieto responded that she could meet at 4:00 p.m. (Dkt. No. 28-1 at 4 ¶ 17, 60-61.) Shortly
14 before the parties' 4:00 p.m. phone call, Ms. Nieto's husband called defense counsel and stated
15 that she was unwell and needed to reschedule. (Dkt. No. 28-1 at 4 at ¶ 18.) Defense counsel e-
16 mailed Ms. Nieto asking when the parties could meet and confer before January 13, 2021, and that
17 absent Ms. Nieto's response Defendant would file another unilaterally prepared case management
18 statement. (Dkt. No. 28-1 at 4 at ¶ 18, 66.) Plaintiff never responded to this e-mail inquiry. (Dkt.
19 No. 28-1 at 4 ¶ 18.)

20 Defendant then timely-filed its January 14, 2021 case management statement, in which
21 Defendant reported that Ms. Nieto did not participate in the statement's preparation. (Dkt. No. 28
22 at 1.) Defendant attached the declaration of counsel Jessica Peterson and exhibits of
23 communications between Ms. Peterson and Ms. Nieto. (*See* Dkt. No. 28-1.) Ms. Nieto failed to
24 appear at the parties' January 21, 2021 further case management conference.

25 In light of Ms. Nieto's nonappearance and repeated failure to cooperate or meaningfully
26 communicate with Defendant regarding the preparation of a joint case management statement, the
27 Court issued a second Order to Show Cause to Ms. Nieto, requiring her to explain why her lawsuit
28 should not be dismissed pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute.

1    (Dkt. No. 31.) The Court noted that given Ms. Nieto's disingenuous offer to meet and confer at
2    9:00 a.m. on Christmas morning, it appears she has no intention of prosecuting this action in an
3    appropriate manner.

4    Ms. Nieto did not file a written response to the second Show Cause Order by February 11,
5    2021 as directed; however, she did appear at the February 25, 2021 hearing. Following that
6    hearing the Court scheduled the initial case management conference for April 22, 2021 and
7    directed Ms. Nieto that she must cooperate with Defendant in submitting a joint case management
8    conference statement. (Dkt. No. 34.) The Court did not receive a joint case management
9    conference statement in advance of the April 22, 2021 case management conference. Instead, as
10   detailed in Defendant's submission, Ms. Nieto has continued to refuse to cooperate with
11   Defendant in the prosecution of her case. (Dkt. No. 35.) Additionally, Ms. Nieto did not appear at
12   the April 22, 2021 initial case management conference and did not otherwise communicate with
13   the Court.

14   On April 23, 2021, the Court issued a third Show Cause Order providing Ms. Nieto one
15   final chance to prosecute her action. The third Show Cause Order required Ms. Nieto to produce to
16   Defendant her initial disclosures and long overdue responses to Defendant's written discovery
17   requests on or before May 6, 2021. (Dkt. No. 39 at 4.) Ms. Nieto was also required to provide
18   Defendant by May 6, 2021 three dates in June 2021 when she is available for a seven-hour
19   deposition, and to file on the docket all of the material provided to Defendant by the May 6, 2021
20   deadline. (*Id.*) The Court scheduled a further hearing on May 13, 2021, and warned that Ms.
21   Nieto's failure to comply with the third Show Cause Order—including its mandate to provide
22   Defendant with the required information and attend the May 13, 2021 hearing—will likely result
23   in dismissal of her complaint with prejudice. Ms. Nieto did not file the required material on the
24   Court's docket on or before May 6, 2021, or otherwise communicate with the Court.

## DISCUSSION

26   Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action for
27   failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v.*
28   *U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may *sua sponte*

dismiss an action pursuant to Rule 41(b)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (internal citation and quotation marks omitted). In determining whether a Rule 41(b) dismissal is appropriate, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id*. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal citation and quotation marks omitted).

Here, four of the five *Henderson* factors weigh in favor of dismissal. "The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). Ms. Nieto has delayed adjudication of this action by failing to (1) participate with Defendant in the filing and/or preparation of joint case management statements despite multiple opportunities and admonitions to do so, (2) failing to meet and confer with Defendant or produce to Defendant her initial disclosures or responses to its written discovery requests, (3) failing to appear for the April 22, 2021 initial case management conference, and (4) failing—despite her appearance at the Court's February 25, 2021 hearing—to file responses to the Court's Show Cause Orders. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As for the third *Henderson* factor, while "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," the delay caused by Ms. Nieto's failure to prosecute this action despite the Court's multiple Orders weighs in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999). The fifth factor is the availability of less drastic sanctions. The Court has issued three Show Cause Orders that cautioned Ms. Nieto her failure to

respond or cooperate with Defendant would result in dismissal of this action.  (Dkt. Nos. 24, 31, 39.)  Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement.") (citation omitted).  The fourth factor, which favors disposition on the merits, by definition, weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).

## CONCLUSION

For the reasons set forth above, the Court DISMISSES this action with prejudice pursuant to Federal Rule of Civil Procedure 41 for a failure to prosecute. The hearing scheduled for May 13, 2021 is VACATED as it is no longer needed in light of Ms. Nieto's failure, again, to comply with the Court's orders.

**IT IS SO ORDERED.**

Dated: May 11, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge